[No. H034021. Sixth Dist. Dec. 18, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
BRIAN ROGER KENNEDY, Defendant and Appellant.

## Counsel

Nolan, Armstrong & Barton, Daniel L. Barton and Daniel Olmos for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Lisa Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BAMATTRE-MANOUKIAN, Acting P. J.**—Defendant Brian Roger Kennedy pleaded no contest to attempting to exhibit harmful matter to a minor by the Internet (Pen. Code, §§ 664, 288.2, subd. (b))[1] and guilty to possessing a controlled substance (Health and Saf. Code, § 11350, subd. (a)). The trial court denied defendant's motion to reduce his section 288.2, subdivision (b) offense to a misdemeanor with leave to refile the motion at a later time. The court also suspended imposition of sentence, placed defendant on probation for five years with various terms and conditions, and ordered defendant to register as a sex offender under section 290.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

On appeal, defendant contends that the section 290 mandatory registration requirement violates the equal protection provisions of the federal and state Constitutions because there is no rational basis for requiring defendant to register when those who commit other felony sex offenses are not required to register. His argument is based on *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), where our Supreme Court held unconstitutional the application of mandatory lifetime sex offender registration under section 290 to a defendant convicted of unlawful, nonforcible oral copulation with a 16 year old (§ 288a, subd. (b)(1)) because those convicted of unlawful, nonforcible sexual intercourse with a 16 year old (§ 261.5, subd. (a)) were not required to register. We find no equal protection violation in this case, and therefore affirm the judgment requiring mandatory lifetime sex offender registration for defendant.

## FACTS

Between November 8, 2006, and December 7, 2006, defendant engaged in a sexually explicit Internet dialogue using instant messaging, e-mail, and webcams, with an undercover San Jose police detective posing as a 13-year-old girl named Tiffany Meadows.[2] On November 8, 2006, the detective logged on to an Internet chat room titled "San Francisco Bay Area" as "Tiffany" and defendant initiated contact with "Tiffany." He subsequently sent "Tiffany" a picture of his erect penis. On November 28, 2006, defendant sent "Tiffany" a video of himself masturbating, even though he had told her he should not send it to her because she was too young.

On November 29, 2006, defendant sent "Tiffany" a picture of himself fully clothed using his webcam. Later in the day, he sent "Tiffany" a picture of himself holding his erect penis. He also asked for pictures of "Tiffany" and "Brittany" ("Tiffany's" fictitious 13-year-old friend) clothed in short skirts with no panties. He then asked if "Tiffany" wanted to have sex with him. "Tiffany" responded that she was a virgin, but was interested in defendant. "Tiffany" asked defendant to bring condoms so she would not get pregnant.

On November 30, 2006, defendant contacted "Tiffany" from work using a webcam. He unzipped his pants and began to masturbate. He told "Tiffany" that he was watching pornography at the same time. He later asked Tiffany for a picture of Brittany. After a picture was sent, defendant commented that Brittany looked very young. On December 6, 2006, defendant asked

---

[2] All facts are taken from the probation officer's report.

"Tiffany" for naughty pictures of herself. During a webcam contact with "Tiffany," defendant opened his pants, pulled out his erect penis, and masturbated. He told "Tiffany" that he was watching pornography but that he would be looking at a picture of her if he had one.

On December 7, 2006, defendant arranged with "Tiffany" to meet her. Defendant was arrested as he approached the designated meeting spot in front of "Brittany's" apartment. Officers found one-tenth ounce of cocaine in defendant's pants pocket, and defendant told the officers that he had been using cocaine for two years. He also told officers that he was there to meet a girl he had met online. He said that, although "Tiffany" said she was 13 years old, he did not believe she was that young because of the "level of language" that she used. He said that "Tiffany" was very persistent in pursuing him.

## PROCEDURAL BACKGROUND

On September 6, 2007, the Santa Clara County District Attorney filed an amended complaint charging defendant with attempted lewd or lascivious acts on a child under 14 (§§ 664, 288, subd. (a); count 1); attempted distributing or exhibiting harmful matter to a minor by electronic mail, the Internet, or a commercial online service (§§ 664, 288.2, subd. (b); count 2); and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 3). On March 13, 2008, defendant pleaded no contest to count 2 (attempting to exhibit harmful matter to a minor by the Internet) and guilty to count 3 (possessing a controlled substance). As part of the negotiated plea, the trial court dismissed count 1 (attempting lewd acts on a child under 14).

On October 28, 2008, the court denied defendant's motion to reduce his section 288.2, subdivision (b) offense to a misdemeanor with leave to refile the motion at a later time. The court also suspended imposition of sentence, placed defendant on probation for five years with various terms and conditions, and ordered defendant to register as a sex offender under section 290. In ordering the registration requirement the court stated: "The court will also say, for whatever it is worth, to the extent that the court had discretion not to impose the registration requirement upon the sustaining of the felony in this case, that the court would strongly consider not imposing the registration requirement for whatever that's worth on appeal."

## DISCUSSION

We begin by addressing the trial court's decision to find defendant's section 288.2 offense to be a felony, and its statement that, "to the extent that the court had discretion not to impose the registration requirement upon the

sustaining of the felony in this case, that the court would strongly consider not imposing the registration requirement." Defendant was convicted of attempting to distribute harmful matter to a minor pursuant to sections 664 and 288.2, subdivision (b). The statutory scheme allows the court discretion to find the conviction to be either a felony or a misdemeanor: "Every person who, with knowledge that a person is a minor, knowingly distributes, sends, causes to be sent, exhibits, or offers to distribute or exhibit by electronic mail, the Internet . . . or a commercial online service, any harmful matter, as defined in Section 313, to a minor with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of a minor, . . . is guilty of a public offense and *shall be punished by imprisonment in the state prison or in a county jail.*" (§ 288.2, subd. (b), italics added.)

Section 17, subdivision (b) governs the process used to find the conviction to be a misdemeanor or a felony. That section states in relevant part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

Once the court exercises its discretion to find the offense to be a felony violation of sections 664 and 288.2, subdivision (b), it must adhere to the mandatory sentencing guidelines in section 290, which require certain sex offenders to register for the rest of their lives while residing in California. (§ 290, subd. (b).) Section 290, subdivision (c) states: "The following persons shall be required to register: [¶] Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state . . . of . . . any felony violation of Section 288.2 . . . ." In this case, once the court found defendant's offense to be a felony, it did not have discretion to refrain from imposing the mandatory registration requirement under section 290. (§ 290, subd. (c).)

*Defendant's Equal Protection Argument*

Defendant contends that his mandatory registration as a sex offender violates the equal protection provisions of the federal and state Constitutions because felons convicted of attempted distribution of harmful matter to a minor (§§ 664, 288.2, subd. (b)) are subject to mandatory sex offender registration while those convicted of unlawful sexual intercourse with a minor (§ 261.5) are not. Defendant cites *Hofsheier, supra,* 37 Cal.4th 1185, to support his contention.

In *Hofsheier*, a 22-year-old defendant pleaded guilty to unlawful, nonforcible oral copulation of a 16-year-old female, a violation of section 288a, subdivision (b)(1). (*Hofsheier, supra*, 37 Cal.4th at p. 1192.) Following the mandatory sex offender registration requirements in section 290, the trial court ordered the defendant to register as a sex offender. (37 Cal.4th at p. 1192.) The defendant contended on appeal that he was denied his constitutional right to equal protection of the laws because a person convicted of unlawful intercourse with a minor (§ 261.5) under the same circumstances would not be subject to mandatory registration. (*Hofsheier, supra*, 37 Cal.4th at p. 1192.) This court agreed and ordered the trial court's order granting probation modified to eliminate the mandatory registration requirement. (*Ibid.*) The Supreme Court agreed with this court, but directed this court to remand the case to the trial court to determine if it should exercise its discretion to require registration under former section 290, subdivision (a)(2)(E), which is now embodied in section 290.006. (37 Cal.4th at pp. 1192–1193.)

 Courts are divided on the issue of whether mandatory registration for persons over 21 engaging in oral copulation with a minor under 16 (§ 288a, subd. (b)(2)) violates equal protection. (See, e.g., *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681]; *People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194]; *People v. Hernandez* (2008) 166 Cal.App.4th 641 [83 Cal.Rptr.3d 29]; *People v. Luansing* (2009) 176 Cal.App.4th 676 [97 Cal.Rptr.3d 836].) However, no published case has extended the *Hofsheier* holding to mandatory registration for violations or attempted violations of section 288.2.

Prior to *Hofsheier*, the appellate court in *People v. Mills* (1978) 81 Cal.App.3d 171 [146 Cal.Rptr. 411] rejected an equal protection claim raised by a defendant convicted of lewd conduct on a child when registration was not also required for various other sex crimes. (See also *People v. Jones* (2002) 101 Cal.App.4th 220 [124 Cal.Rptr.2d 10], disapproved by *Hofsheier, supra*, 37 Cal.4th at p. 1207, fn. 9; *People v. Monroe* (1985) 168 Cal.App.3d 1205 [215 Cal.Rptr. 51]; *People v. Tate* (1985) 164 Cal.App.3d 133 [210 Cal.Rptr. 117].) After *Hofsheier*, this court determined in *People v. Anderson* (2008) 168 Cal.App.4th 135 [85 Cal.Rptr.3d 262] (*Anderson*) that the *Hofsheier* holding "was limited to an equal protection challenge involving mandatory registration for one convicted of voluntary oral copulation with a minor 16 or 17 years old (§ 288a, subd. (b)(1)), as compared with discretionary registration for one convicted of voluntary sexual intercourse with a 16- or 17-year-old minor (§ 261.5)." (*Anderson, supra*, 168 Cal.App.4th at p. 141, citing *Hofsheier, supra*, 37 Cal.4th at pp. 1192, 1194–1198, 1200–1201, 1204–1207.) Therefore, pursuant to *Anderson*, this court will not extend the *Hofsheier* holding to this case, which compares mandatory registration for one convicted of attempted distributing or exhibiting harmful matter to a

minor by the Internet under section 288.2, subdivision (b), with discretionary registration for one convicted under section 261.5 or section 288a, subdivision (b)(1).

■ As we recently stated in *People v. Cavallaro* (2009) 178 Cal.App.4th 103 [100 Cal.Rptr.3d 139] (*Cavallaro*), the first prerequisite in establishing an equal protection claim is a " ' "showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.]' " (*Id.* at p. 110, quoting *Hofsheier, supra*, 37 Cal.4th at p. 1199.) Therefore, defendant here must establish that he was similarly situated to a group that is treated unequally under the existing law. Defendant contends he is similarly situated to those convicted of violating sections 288a, subdivision (b)(1) or 261.5. However, as in *Anderson*, and *Cavallaro*, this court finds defendant's argument unpersuasive.

The defendants in *Anderson* and *Cavallaro* were convicted of committing a lewd act on a child who is 14 or 15 years old where the perpetrator is at least 10 years older than that child (§ 288, subd. (c)(1)). (*Anderson, supra*, 168 Cal.App.4th at p. 142; *Cavallaro, supra*, 178 Cal.App.4th at p. 107.) One reason this court found the equal protection holding in *Hofsheier* did not apply to the defendants in *Anderson* and *Cavallaro* is that the offense the defendants in *Anderson* and *Cavallaro* committed includes a specific intent element. (*Anderson, supra*, 168 Cal.App.4th at p. 142; *Cavallaro, supra*, 178 Cal.App.4th at p. 114.) "The higher mental state required for a conviction under section 288 is a distinction that is meaningful in deciding whether a person convicted under that statute is similarly situated with one convicted under section 261.5." (*Cavallaro, supra*, 178 Cal.App.4th at p. 114.) The offense in *Hofsheier* (a violation of § 288a, subd. (b)(1)) does not contain a specific intent element. (*People v. Giani* (1956) 145 Cal.App.2d 539, 546 [302 P.2d 813].) However, as in *Anderson* and *Cavallaro*, the crime in this case (attempting to send harmful matter to a minor with lustful intent and with the intent to seduce the minor) contains a specific intent element. Defendant was convicted of attempting to send harmful matter to a minor "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of a minor, and with the intent, or for the purpose of seducing a minor." (§ 288.2, subd. (b).)

Further, in *Hofsheier*, "the equal protection analysis hinged on the fact that the defendant—had he engaged in unlawful, nonforcible sexual intercourse with the 16-year-old girl instead of [unlawful, nonforcible] oral copulation— would have *under no circumstances* been subject to mandatory registration. (*Hofsheier, supra*, 37 Cal.4th at pp. 1200, 1207.) That is not the case here." (*Cavallaro, supra*, 178 Cal.App.4th at p. 115.) Contrary to defendant's claim, had defendant actually engaged in either unlawful, nonforcible sexual intercourse, or unlawful, nonforcible oral copulation with the alleged victim, who

he thought was 13 years old, he would have been subject to prosecution under section 288, subdivision (a), for the commission or attempted commission of a lewd act on a minor under 14, a crime for which sex offender registration is mandatory. (Cf. *People v. Fox* (2001) 93 Cal.App.4th 394, 399 [112 Cal.Rptr.2d 907]; § 290, subd. (c).) The fact that defendant—had he had sexual intercourse with a 13-year-old victim—could have been charged under section 261.5, subdivision (d), an offense that is not subject to mandatory registration under section 290, rather than section 288, subdivision (a), does not suggest that mandatory registration based on defendant's conviction under section 288.2 constituted a violation of equal protection. (*Cavallaro, supra,* 178 Cal.App.4th at p. 115.)

■ Defendant has not shown " ' "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.]' [Citation.]" (*Cavallaro, supra,* 178 Cal.App.4th at p. 118, quoting *Hofsheier, supra,* 37 Cal.4th at p. 1199.)[3] Since defendant has not proven a violation of equal protection, we reject his claim that mandatory registration as a consequence of his section 288.2, subdivision (b) felony conviction is unconstitutional.

■ Many courts are now considering mandatory registration and equal protection issues raised pursuant to section 290. (See, e.g., *People v. Thompson* (2009) 177 Cal.App.4th 1424 [100 Cal.Rptr.3d 57] [sodomy with a 17 year old]; *People v. Ranscht* (2009) 173 Cal.App.4th 1369 [93 Cal.Rptr.3d 800] [sexually penetrating a 13 year old].) While we might agree that discretionary registration might be appropriate in certain felony section 288.2 cases, we are mindful that "a court's authority to second-guess the legislative determinations of a legislative body is extremely limited," and that it is "a 'well-settled principle that the legislative branch is entitled to deference from the courts because of the constitutional separation of powers.' [Citation.]" (*Connecticut Indemnity Co. v. Superior Court* (2000) 23 Cal.4th 807, 814 [98 Cal.Rptr.2d 221, 3 P.3d 868]; see also *Hofsheier, supra,* 37 Cal.4th at p. 1216 (dis. opn. of Baxter, J.).) ■ And, as an intermediate appellate court, we are bound to follow and apply prevailing precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; see *Hofsheier, supra,* 37 Cal.4th at pp. 1192, 1194–1198, 1200–1201, 1204–1207; *Anderson, supra,* 168 Cal.App.4th at p. 141.)

---

[3] Since establishing a similarly situated class that is treated differently under the law is a " 'prerequisite to a meritorious [equal protection] claim,' " this court need not reach the issue of whether defendant established that there is no rational relationship to a legitimate state purpose for the state's distinction between the two groups. (*Hofsheier, supra,* 37 Cal.4th at pp. 1199–1201.)

## DISPOSITION

The judgment is affirmed.

McAdams, J., and Duffy, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 30, 2010, S179796.