[No. H035687. Sixth Dist. May 4, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
BRIAN ROGER KENNEDY, Defendant and Appellant.

**COUNSEL**

Nolan, Armstrong & Barton and Daniel L. Barton for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Lisa Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BAMATTRE-MANOUKIAN, J.—In 2009, defendant Brian Roger Kennedy filed a postjudgment motion for a reduction of his 2008 conviction for attempting to distribute harmful matter to a minor by the Internet (Pen. Code, §§ 664, 288.2, subd. (b))[1] from a felony to a misdemeanor (§ 17, subd. (b)(3)). After the trial court granted the motion, in 2010 defendant filed a motion for an order relieving him of the lifetime sex offender registration requirements of section 290. The court denied the motion pursuant to section 17, subdivision (e), which states: "Nothing in this section authorizes a judge to relieve a defendant of the duty to register as a sex offender pursuant to Section 290 if the defendant is charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty."

On appeal, defendant contends section 17, subdivision (e) does not restrict the trial court's authority to terminate the lifetime registration requirement. As we disagree with defendant's contention, we will affirm the trial court's order.

## BACKGROUND

"Between November 8, 2006, and December 7, 2006, defendant engaged in a sexually explicit Internet dialogue using instant messaging, e-mail, and webcams, with an undercover San Jose police detective posing as a 13-year-old girl named Tiffany Meadows." (*People v. Kennedy* (2009) 180 Cal.App.4th 403, 406 [103 Cal.Rptr.3d 161], fn. omitted (*Kennedy*).) Defendant sent "Tiffany" a picture of his erect penis, a picture of himself holding his erect penis, and videos and webcams of himself masturbating. (*Ibid.*) "On December 7, 2006, defendant arranged with 'Tiffany' to meet her. Defendant was arrested as he approached the designated meeting spot . . . . Officers found one-tenth ounce of cocaine in defendant's pants pocket, and defendant told the officers that he had been using cocaine for two years. He also told officers that he was there to meet a girl he had met online. He said that, although 'Tiffany' said she was 13 years old, he did not believe she was that young because of the 'level of language' that she used." (*Id.* at p. 407.)

"On September 6, 2007, the Santa Clara County District Attorney filed an amended complaint charging defendant with attempted lewd or lascivious acts on a child under 14 (§§ 664, 288, subd. (a); count 1); attempted distributing or exhibiting harmful matter to a minor by electronic mail, the Internet, or a commercial online service (§§ 664, 288.2, subd. (b); count 2);

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 3). On March 13, 2008, defendant pleaded no contest to count 2 (attempting to exhibit harmful matter to a minor by the Internet) and guilty to count 3 (possessing a controlled substance). As part of the negotiated plea, the trial court dismissed count 1 (attempting lewd acts on a child under 14).

"On October 28, 2008, the court denied defendant's motion to reduce his section 288.2, subdivision (b) offense to a misdemeanor with leave to refile the motion at a later time. The court also suspended imposition of sentence, placed defendant on probation for five years with various terms and conditions, and ordered defendant to register as a sex offender under section 290." (*Kennedy, supra*, 180 Cal.App.4th at p. 407.)

Defendant appealed, contending that "the section 290 mandatory registration requirement violates the equal protection provisions of the federal and state Constitutions because there is no rational basis for requiring defendant to register when those who commit other felony sex offenses are not required to register." (*Kennedy, supra*, 180 Cal.App.4th at p. 406.) In this court's published opinion filed December 18, 2009, we concluded that defendant had not established "that he was similarly situated to a group that is treated unequally under the existing law." (*Id.* at p. 410.) Accordingly, this court rejected defendant's claim "that mandatory registration as a consequence of his section 288.2, subdivision (b) felony conviction is unconstitutional." (*Id.* at p. 411.) Our Supreme Court denied defendant's petition for review on March 30, 2010, and the remittitur issued April 5, 2010.

In the meantime, on November 5, 2009, defendant filed a new motion for an order reducing the section 288.2 offense from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3). On January 8, 2010, the probation department filed a memorandum recommending that the court grant the motion and continue defendant on probation under the original terms and conditions. At the hearing on the motion, the People submitted the matter on the moving papers and the probation department's memorandum. The court granted the motion. The formal order granting the motion states in relevant part: "Good cause appearing therefor[,] [¶] IT IS HEREBY ORDERED that the conviction of defendant Brian Roger Kennedy on October 28, 2008 for a violation of Penal Code 664/288.2(b) (attempted sending of harmful matter to a minor) be hereby reduced to a misdemeanor." The court struck the language "for all purposes" that had been included at the end of this sentence on the proposed order.

On March 3, 2010, defendant filed a motion for an order terminating his sex offender registration requirement, contending that, "[i]n view of the

reduction of the offense to a misdemeanor, this court has discretion to impose or decline to impose further registration requirements on the defendant." The People filed opposition to the motion on April 2, 2010, contending that "a discretionary reduction under Penal Code section 17(b) does not provide defendant relief from the mandatory registration requirement under Penal Code section 290." The probation department filed a memorandum on April 15, 2010, stating in part: "Although the defendant has maintained compliance with probation, in taking into consideration the nature of the instant offense, this officer does not believe relieving the defendant of his requirement to register as a sex offender would be appropriate at this time."

At the hearing on the motion on May 14, 2010, the court ruled as follows: "The court will deny the motion at this time, adopting for all intents and purposes the argument in the People's . . . opposition to defense moving papers with regard to the interpretation of section 17(e), and the explicit requirement leaving intact [section] 290 registration for situations exactly like that which were imposed in and surround this case. [¶] The court believes that if it were not for the explicit language of [section] 17(e), which is directly applicable to the facts and circumstances of this case and the defendant's plea, that if, in fact, the court had the discretion to relieve Mr. Kennedy of his obligation to register, that at some point, if not today, he should be relieved of that obligation. However, the court believes that the statute in this instance is controlling, that the case law cited by both counsel, while it is insightful to section 17 motions, generally does not explicitly give the authority for the court to do anything but leave the registration requirement intact."

## DISCUSSION

"Defendant was convicted of attempting to distribute harmful matter to a minor pursuant to sections 664 and 288.2, subdivision (b). The statutory scheme allows the court discretion to find the conviction to be either a felony or a misdemeanor: 'Every person who, with knowledge that a person is a minor, knowingly distributes, sends, causes to be sent, exhibits, or offers to distribute or exhibit by electronic mail, the Internet . . . or a commercial online service, any harmful matter, as defined in Section 313, to a minor with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of a minor, . . . is guilty of a public offense and *shall be punished by imprisonment in the state prison or in a county jail.*' (§ 288.2, subd. (b), italics added.)

"Section 17, subdivision (b) governs the process used to find the conviction to be a misdemeanor or a felony. That section states in relevant part: 'When a crime is punishable, in the discretion of the court, by imprisonment in the

state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.'

■ "Once the court exercises its discretion to find the offense to be a felony violation of sections 664 and 288.2, subdivision (b), it must adhere to the mandatory sentencing guidelines in section 290, which require certain sex offenders to register for the rest of their lives while residing in California. (§ 290, subd. (b).) Section 290, subdivision (c) states: 'The following persons shall be required to register: [¶] Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state . . . of . . . any *felony* violation of Section 288.2. . . .' In this case, . . . the court . . . did not have discretion to refrain from imposing the mandatory registration requirement under section 290. (§ 290, subd. (c).)" (*Kennedy, supra,* 180 Cal.App.4th at p. 408, italics added.)

As we stated above, section 17, subdivision (e) states: "Nothing in this section authorizes a judge to relieve a defendant of the duty to register as a sex offender pursuant to Section 290 if the defendant is charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty."

Defendant contends that section 17, subdivision (e) "does not restrict the court's authority to terminate the registration requirement, because (1) pursuant to section 17(b), [he] has no longer been 'found guilty' of a 'charge' mandating registration, and (2) section 17(e) does not explicitly override the general rule that a wobbler reduced to a misdemeanor is thereafter a misdemeanor 'for all purposes.' "

The People contend that "if a sex offender is found guilty of a felony requiring registration under section 290, he or she is not relieved of the duty to register if that offense is subsequently reduced to a misdemeanor under section 17, subdivision (b)."

■ In construing sections 17 and 290, we apply settled rules of statutory construction. " 'The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Ordinarily, the words of the statute provide the most reliable indication of legislative intent. [Citation.] When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citations.]' [Citation.] ' "When the language is susceptible of more than one reasonable

interpretation . . . , we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." ' [Citation.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441]; see *People v. Wesson* (2006) 138 Cal.App.4th 959, 967 [41 Cal.Rptr.3d 883].)

■ "Section 290 'applies automatically to the enumerated offenses, and imposes on each person convicted a lifelong obligation to register.' [Citations.] Registration is mandatory [citation], and is 'not a permissible subject of plea agreement negotiation' [citation]. It is intended to promote the ' "state interest in controlling crime and preventing recidivism in sex offenders." ' [Citation.]" (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101] (*Wright*); see also *Barrows v. Municipal Court* (1970) 1 Cal.3d 821, 825 [83 Cal.Rptr. 819, 464 P.2d 483].)

■ "When a defendant is convicted (whether by a guilty plea or a no contest plea, or at a trial) of a wobbler offense, and is granted probation without the imposition of a sentence, his or her offense is '*deemed* a felony' unless subsequently 'reduced to a misdemeanor by the sentencing court' pursuant to section 17, subdivision (b). [Citations.]" (*People v. Feyrer* (2010) 48 Cal.4th 426, 438–439 [106 Cal.Rptr.3d 518, 226 P.3d 998] (*Feyrer*).) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively . . . ." (*Id.* at p. 439; see also *Doble v. Superior Court* (1925) 197 Cal. 556, 576–577 [241 P. 852] [in the case of a wobbler, "the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter—the judgment not to have a retroactive effect"]; *People v. Banks* (1959) 53 Cal.2d 370, 388 [1 Cal.Rptr. 669, 348 P.2d 102] [defendant whose guilt of a wobbler has been established by plea or verdict has been convicted of a felony until and unless the offense is reduced to a misdemeanor]; *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1482–1483 [13 Cal.Rptr.3d 777] [relief under § 17, subd. (b) is not retroactive; an offense subject to its provisions "is regarded as a misdemeanor only for purposes subsequent to judgment"].)

■ It is undisputed here that defendant was "charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty." (§ 17, subd. (e).) Defendant was charged with a felony violation of sections 664 and 288.2, subdivision (b), and he pleaded no contest to the charge as a felony. Although lifelong registration could not have been the subject of plea agreement

negotiations (*Wright, supra*, 15 Cal.4th at p. 527), whether defendant pleaded guilty to a felony or misdemeanor violation of section 288.2 could have been the subject of plea agreement negotiations. Section 290 automatically applied to the felony offense and, upon his conviction therefor, imposed on defendant a lifelong obligation to register as a sex offender. (*Wright, supra*, at p. 527.) When the trial court later granted defendant's 2010 motion to reduce the offense from a felony to a misdemeanor, the offense became a misdemeanor from that point on, but not retroactively. (*Feyrer, supra*, 48 Cal.4th at p. 439.) Therefore, notwithstanding the authority of the trial court to subsequently reduce defendant's conviction from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3), the trial court was not "authorize[d] . . . to relieve . . . defendant of the duty to register as a sex offender pursuant to Section 290." (§ 17, subd. (e).)

Even if we were to consider the statutory language of section 17, subdivision (e) to be ambiguous in light of the language of subdivision (b), a review of the legislative history supports our analysis here. When section 17 was amended in 1998 to add in part subdivision (e), an analysis of the underlying assembly bill by the Assembly Committee on Public Safety stated that the bill "[p]recludes the court in reducing a felony to a misdemeanor from relieving a sex offender of his or her duty to register pursuant to Penal Code Section 290." (Assem. Com. on Public Safety, analysis of Assem. Bill No. 2680 (1997–1998 Reg. Sess.) as amended Apr. 15, 1998, p. 1.) Thus, our construction promotes rather than defeats the general purpose of the statute. (See *People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].)

■ We understand defendant's argument that the absence of language in the statute specifically referring to a wobbler being reduced from a felony to a misdemeanor demonstrates that the Legislature did not intend for section 17, subdivision (e) to apply to cases such as defendant's. However, as an intermediate appellate court, we are bound by decisions of the California Supreme Court and we must defer to the legislative determinations of a legislative body. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *Connecticut Indemnity Co. v. Superior Court* (2000) 23 Cal.4th 807, 824 [98 Cal.Rptr.2d 221, 3 P.3d 868].) However, the defendant may wish to seek redress by asking the Legislature to amend the statute.

For all these reasons, we conclude that the trial court did not err in denying defendant's motion to relieve him of the lifetime sex offender registration requirement.

## DISPOSITION

The order of May 14, 2010, is affirmed.

Premo, Acting P. J., and Grover, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied August 10, 2011, S193916.

---

*Judge of the Monterey Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.