Filed 5/26/15  P. v. Lee CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066390 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN310479) |
| DAVID BRUCE LEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Cannon & Harris and Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

This case arose when defendant David Bruce Lee posted an advertisement on the Craigslist website offering to pay for sexual favors, unwittingly exchanged online communications with a police officer who portrayed himself as a 14-year-old girl responding to the ad, and then attempted to personally contact the fictitious minor for the purpose of having sex. Lee pleaded guilty to one count of attempting to contact a minor with intent to commit a sexual offense in violation of Penal Code[1] section 288.3, subdivision (a) (hereafter section 288.3(a)).[2] The trial court granted Lee probation on condition that he register as a sex offender under the Sex Offender Registration Act (§ 290 et seq.) (Act). The Act allows *discretionary* sex offender registration for defendants convicted of unlawful sexual intercourse with a minor (§§ 261.5, 290.006),[3] but imposes *mandatory* sex offender registration for defendants convicted of crimes involving other types of sexual activity with a minor (§ 290, subds. (b), (c), hereafter

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Section 288.3(a) provides: "Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 288, 288a, 288.2, 289, 311.1, 311.2, 311.4 or 311.11 involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense."

[3] Section 261.5, subdivision (a) provides: "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a 'minor' is a person under the age of 18 years and an 'adult' is a person who is at least 18 years of age." The provisions of section 290.006 are discussed in footnote 9, *post*.

section 290(b), (c)).[4] (*Johnson v. Dept. of Justice* (2015) 60 Cal.4th 871, 874 (*Johnson*).) Lee's sex offense—contacting or attempting to contact a minor with intent to commit a sexual offense (§ 288.3(a))—is listed in section 290, subdivision (c) (hereafter section 290(c)) as one of the offenses for which lifetime sex offender registration is *mandatory* under the Act. (§ 290(c).)[5]

Lee appeals, challenging on equal protection grounds the portion of the judgment imposing mandatory lifetime sex offender registration under the Act. The principal issue we must decide is whether subjecting offenders convicted of contacting or attempting to contact a minor with intent to commit a sexual offense (§ 288.3(a)) to *mandatory* sex offender registration under section 290 violates their constitutional right to equal protection of the laws when imposition of sex offender registration is *discretionary* under section 290.006 for offenders convicted of unlawful sexual intercourse with a minor (§ 261.5).

---

[4] Section 290, subdivision (b) provides: "Every person described in subdivision (c), for the rest of his or her life while residing in California, or while attending school or working in California, as described in Sections 290.002 and 290.01, shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the Act." The relevant text of section 290(c) is set forth in footnote 5, *post*.

[5] Section 290(c) provides in part: "The following persons shall be required to register: [¶] Any person who . . . is . . . convicted in any court in this state . . . of . . . any act punishable under . . . Section . . . 288.3[.]"

We conclude that subjecting an offender convicted of a violation of section 288.3(a) to the mandatory sex offender registration requirement of section 290 does not violate the equal protection clauses of the federal and state Constitutions because there is a rational basis—that is, the Legislature had plausible rationales based on reasonably conceivable facts—for authorizing discretionary imposition of sex offender registration for section 261.5 offenders while mandating lifetime registration for other sex offenders, such as section 288.3(a) offenders.  Accordingly, we affirm the order imposing the mandatory sex offender registration requirement set forth in section 290, subdivisions (b) and (c), as a condition of Lee's probation.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Factual Background*[6]

One evening in September 2012, Lee posted an online advertisement on Craigslist San Diego that stated:

> "Looking for Sexy in Escondido—m4w—39 (Escondido)
>
> "What can I say but that I am a single man who owns his own home and have yet to meet the right one.  I am attractive (5'9" at 170) and I like just about everything life has to offer.  Speaking of offers, I can be generous.
>
> "Come on over and relax.  Let's see where things go."

Although Lee represented in the ad that he was 39 years of age, he was 43 years old.

---

6    The following summary of the facts underlying Lee's conviction in this matter, which was based on his guilty plea, is primarily taken from the reporter's transcript of the preliminary hearing.

That same evening Detective Damian Jackson, who is assigned to the Family Protection and Child Exploitation Unit of the Escondido Police Department, was perusing personal ads on the Craigslist website as part of his job duties. Lee's advertisement caught Detective Jackson's attention because it lacked any age parameters regarding the females the author was seeking to meet, and because the author's comment he was "generous" was code language in Craigslist online enticement parlance that the author was willing to pay for sexual favors.

Detective Jackson responded to Lee's advertisement using an e-mail address registered to a fictitious 14-year-old female named "Jamie." In the e-mail Jamie asked Lee whether he was interested in "hooking up" with someone who was a lot younger than him. Lee e-mailed a response asking Jamie to tell him about herself. Detective Jackson responded by specifically informing Lee that Jamie was 14 years old and was available to meet up with him. During their online communications, Jamie told Lee she would have to sneak out of her house, she was not able to provide any kind of birth control, and she did not want to end up on an MTV show about teenagers that get pregnant. Eventually Lee and Jamie agreed to meet at a specific grocery store parking lot in Escondido.

Using information he obtained during his online communications with Lee, Detective Jackson was able to identify Lee and locate his home. The police kept him under surveillance when he drove to a 7-Eleven convenience store where he withdrew money from an ATM, made a purchase, and then drove to the agreed-upon grocery store parking lot. Police officers arrested Lee there, and a search of his car resulted in the

5

discovery of a 7-Eleven shopping bag that contained a box of condoms and an ATM receipt showing a $100 withdrawal.

After he waived his *Miranda*[7] rights, Lee admitted his online conversation with Jamie and also admitted that he knew he had been having an inappropriate conversation with a person he thought was a 14-year-old and that he had agreed to meet her for the purpose of having sex.

B. *Procedural Background*

Lee pleaded guilty in May 2014 to one count of contacting a minor with intent to commit a sexual offense (§ 288.3(a)). As part of that plea, Lee initialed and signed a declaration acknowledging that lifetime registration as a sex offender under section 290 was a possible consequence of his guilty plea.

The following month, before sentencing, Lee filed a motion asking that the court not issue an order requiring him to register as a sex offender. Lee acknowledged his registration as a sex offender was statutorily mandated because his nonforcible sex offense (§ 288.3(a)) is one of the qualifying offenses listed in section 290(c). Citing *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*),[8] Lee claimed that mandatory registration under section 290(c) would violate his right to equal protection of the laws under the federal and state Constitutions because persons (like him) convicted of the

---

[7]    *Miranda v. Arizona* (1966) 384 U.S. 436.

[8]    In January 2015, as we discuss, *post*, the California Supreme Court overruled *Hofsheier* in *Johnson*, *supra*, 60 Cal.4th 871, while Lee's appeal in this matter was pending.

nonforcible sex offense of contacting a minor with intent to commit a sexual offense (§ 288.3(a)) are subject to mandatory sex offender registration while similarly-situated persons convicted of unlawful sexual intercourse with a minor of the same age (§ 261.5) are not. Relying on *Hofsheier*, Lee asserted there was *no rational basis* for such disparate treatment. Lee also claimed that imposition of discretionary sex offender registration under section 290.006 would be an abuse of the court's discretion on the facts of this case.

In their written opposition to Lee's motion, the People argued the court should order Lee to register as a sex offender. Specifically, the People argued that mandatory sex offender registration for a conviction of contacting a minor with intent to commit a sexual offense in violation of section 288.3(a) does not violate the defendant's right to equal protection because such a defendant is not similarly situated to a defendant convicted of unlawful sexual intercourse in violation of section 261.5. Thus, the People asserted, "[Lee's] equal protection claim must fail."

At the July 2014 probation and sentencing hearing, the court heard Lee's motion, which the court characterized as a motion to strike section 290 registration. Defense counsel argued that the court should not impose mandatory or discretionary sex offender registration. Regarding *mandatory* lifetime registration, defense counsel asserted that Lee's offense was an *attempted* act with no physical contact with the minor, and thus the offense was less serious than either the nonforcible oral copulation offense involved in *Hofsheier* or the crime of nonforcible sexual intercourse with a minor that is not subject

to mandatory sex offender registration. Thus, counsel argued, imposition of mandatory registration would violate Lee's right to equal protection.

Lee's counsel also urged the court not to impose *discretionary* sex offender registration under section 290.006 because Lee posted the advertisement in the men-seeking-women section and it was intended for an adult female, not a minor. Counsel also argued that although Lee in a "lapse of judgment" attempted to contact a minor, he did not initiate the contact; he was not a threat to public safety because the probation report showed he had no other criminal history and his "static risk assessment" rated him at low to moderate risk of sexual offense recidivism; he had been rehabilitating himself by participating in a sexual offender treatment program; he was receiving counseling for his depression and substance abuse; and, following the loss of his job at the San Diego Unified School District due to his conviction, he was taking classes in welding and automotive repair.

The prosecutor argued that sex offender registration was mandatory because Lee pleaded guilty to an offense listed in section 290(c). The prosecutor reminded the court that Lee showed up at the parking lot with a box of condoms for the purpose of having sex with someone he thought was 14 years old.

The prosecutor also argued that in the event the court found mandatory sex offender registration did not apply, it should impose discretionary registration under section 290.006 because, although Lee had no prior criminal record, he went online and had multiple conversations with someone he thought was 14 years old and then showed up at the meeting place "ready to do the act."

8

The court ordered Lee to register as a sex offender, finding that registration was mandatory under section 290 for the offense Lee committed. The court noted that the circumstantial evidence showed Lee was intending to complete some type of sexual act with someone he knew or should have known was "under the legal age." The court also found that, if registration were not mandatory, it would impose discretionary registration under section 290.006 because "[Lee's] intent did involve the solicitation of taking advantage of an underaged female," which is the type of offense the Legislature has indicated should result in registration.

As pertinent here, the court then suspended imposition of sentence, granted Lee three years' formal probation on condition that he register as a sex offender and serve one day in local custody, and granted him one day of credit for time served.

DISCUSSION

Lee contends the court's order requiring him to register as a sex offender should be reversed because subjecting him to the mandatory sex offender registration requirement set forth in subdivisions (b) and (c) of section 290 for his listed section 288.3(a) sex offense violates the equal protection clauses of the federal and state Constitutions. We disagree.

In his appellant's opening brief, Lee—relying principally on the California Supreme Court's decision in *Hofsheier, supra*, 37 Cal.4th 1185, which our high state court has since overruled (as we shall discuss, *post*)—claimed the trial court's order imposing mandatory sex offender registration as a condition of his probation violates his right to equal protection of the laws because (1) he is similarly situated to an offender

9

convicted of unlawful sexual intercourse with a minor (§ 261.5), and (2) there is no rational basis for imposing mandatory sex offender registration under section 290(c) on a defendant like himself who is convicted of attempting to contact a 14-year-old minor with the intent to commit a sexual offense (§ 288.3(a)) when a defendant convicted of unlawful sexual intercourse with a minor (§ 261.5) is subject to discretionary sex offender registration under section 290.006.

In *Hofsheier*, the defendant claimed the section 290 provision for *mandatory* sex offender registration of persons convicted of nonforcible oral copulation with a minor 16 or 17 years of age (§ 288a, subd. (b)(1), hereafter section 288a(b)(1)) violated his rights under the equal protection clauses of the federal and state Constitutions because persons convicted of unlawful sexual intercourse with a minor of 16 or 17 years of age (§ 261.5) were subject to *discretionary* sex offender registration under former section 290, subdivision (a)(2)(E) (now § 290.006).[9] (*Hofsheier*, *supra*, 37 Cal.4th at pp. 1192-1193; see *Johnson*, *supra*, 60 Cal.4th at p. 877.) *Hofsheier* concluded that the section 290 registration mandate violated the equal protection rights of section 288a(b)(1) offenders.

---

[9] The California Supreme Court recently explained that "*Hofsheier* concerned a prior version of section 290, which was repealed and reenacted in 2007. The discretionary registration provision that was included in that prior version now appears in section 290.006, which provides: 'Any person ordered by any court to register pursuant to the [Sex Offender Registration] Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for [the] purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration.'" (*Johnson*, *supra*, 60 Cal.4th at p. 877, fn. 3.)

(*Hofsheier*, *supra*, 37 Cal.4th at pp. 1206-1207.) In reaching this conclusion, the

*Hofsheier* majority first determined that, for purposes of equal protection analysis,

offenders convicted of nonforcible oral copulation with a minor were sufficiently

similarly situated to those convicted of unlawful sexual intercourse with a minor to merit

scrutiny under the rational relationship test[10] to determine whether distinctions between

the two groups justified the unequal sex offender registration consequences. (*Id.* at p.

1199; see *Johnson*, at p. 878.) In support of this determination, *Hofsheier* stated that

"[t]he only difference" (*Hofsheier,* at p. 1200) between nonforcible oral copulation under

section 288a(b)(1)—for the conviction of which sex offender registration is mandatory

under the Act—and unlawful sexual intercourse under section 261.5—for which

registration is discretionary—is "the nature of the sexual act." (*Hofsheier*, at p. 1200.)

    *Hofsheier* then examined whether a "rational basis" (*Hofsheier*, *supra*, 37 Cal.4th

at p. 1201) supports the statutory classification mandating lifetime sex offender

registration by a person convicted of nonforcible oral copulation with a 16-year-old

minor (§ 288a(b)(1)) while leaving registration by a person convicted of unlawful sexual

intercourse with a 16-year-old minor (§ 261.5) to the discretion of the trial court.

(*Hofsheier*, *supra*, 37 Cal.4th at p. 1201, 1203-1204.) *Hofsheier* found no "rational

---

10    The California Supreme Court has described the rational relationship test as follows: "'"[I]n areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge *if there is any reasonably conceivable state of facts that could provide a rational basis for the classification*. [Citations.] Where there are 'plausible reasons' for [the classification], 'our inquiry is at an end.'"'" (*Kasler v. Lockyer* (2000) 23 Cal.4th 472, 481-482.)

basis"─that is, no "plausible reason, based on reasonably conceivable facts" (*id*. at p. 1204)─for restricting application of the discretionary registration provision to the offenders convicted of unlawful intercourse. (*Id*. at pp. 1201-1204, 1206-1207.) Accordingly, *Hofsheier* held that subjecting section 288a(b)(1) offenders to mandatory sex offender registration under the Act violated the equal protection clauses of the federal and state Constitutions. (*Hofsheier*, at pp. 1192-1193, 1207.)

"Although *Hofsheier* attempted to limit its holding to the factual circumstances before it, the Courts of Appeal . . . extended its application to additional nonforcible sex offenses covered by section 290." (*Johnson, supra*, 60 Cal.4th at p. 878.) For example, in *People v. Ranscht* (2009) 173 Cal.App.4th 1369 (*Ranscht*), this court, relying on *Hofsheier*, held that an order imposing mandatory sex offender registration under section 290 on an 18-year-old offender convicted of nonforcible digital penetration of a 13-year-old minor (§ 289, subd. (h)) was a violation of his constitutional right to equal protection of the laws. (*Ranscht*, at pp. 1371, 1375.) Similarly, in *People v. Thompson* (2009) 177 Cal.App.4th 1424 (*Thompson*), the Court of Appeal in another district relied on *Hofsheier* in holding that an order imposing mandatory sex offender registration under section 290 on a 36-year-old offender convicted of nonforcible sodomy with a 17-year-old minor (§ 286, subd. (b)(1)) was a violation of his right to equal protection guaranteed by the federal and California Constitutions. (*Thompson*, at pp. 1427, 1431.) We note that Lee, in his opening brief, relied on both *Ranscht* and *Thompson* in support of his claim that imposition of mandatory sex offender registration under section 290 as a condition of his probation violates his constitutional right to equal protection of the laws.

12

While the present appeal was pending, the California Supreme Court in *Johnson*, *supra*, 60 Cal.4th 871 overruled *Hofsheier* and "disapprove[d] those Court of Appeal decisions [like *Ranscht* and *Thompson*] that applied *Hofsheier*'s rationale—i.e., the absence of a rational basis for distinguishing, as to sex offender registration, between oral copulation with a minor and unlawful sexual intercourse—to other sex offenses involving minors and others."[11] (*Johnson*, at p. 888.)

In overruling *Hofsheier* and disapproving its progeny, the *Johnson* court explained that the extension of *Hofsheier's* reach "to additional sex crimes involving adult offenders and minor victims of various ages and age differences" (*Johnson, supra,* 60 Cal.4th at p. 875) was resulting in "continued judicial nullification of mandatory registration [that was] denying significant effect to the legislative policy choices embodied in the Sex Offender Registration Act." (*Ibid*.) The Supreme Court found that *Hofsheier's* equal protection analysis was "fundamentally flawed" (*id.* at p. 879) and its "rational basis analysis [was] demonstrably wrong" (*id.* at p. 881) because "it mistakenly concluded that no rational basis exists for subjecting intercourse offenders and oral copulation offenders to different registration consequences." (*Johnson*, at p. 875.) *Johnson* observed that "section 290's lifetime registration requirement legitimately intends to 'promote "'the state interest in controlling crime and preventing recidivism in sex offenders,'"'" (*id.* at p. 881)

---

11    In addition to overruling *Hofsheier* and disapproving *Ranscht* and *Thompson*, *Johnson* also disapproved *People v. Ruffin* (2011) 200 Cal.App.4th 669; *People v. Luansing* (2009) 176 Cal.App.4th 676; *In re J.P.* (2009) 170 Cal.App.4th 1292; *People v. Hernandez* (2008) 166 Cal.App.4th 641; and *People v. Garcia* (2008) 161 Cal.App.4th 475. (*Johnson, supra,* 60 Cal.4th at p. 888.)

and "mandatory registration for sex offenders who prey on underage victims is rationally related to that important and vital public purpose." (*Id*. at p. 882.) Rejecting *Hofsheier's* observation that "the nature of the sexual act" is the "only difference" between unlawful sexual intercourse and nonforcible oral copulation (*Hofsheier, supra*, 37 Cal.4th at p. 1200), *Johnson* explained that, "[a]mong the various sex offenses, unlawful sexual intercourse is unique in its potential to result in pregnancy and parenthood. The act of intercourse, by itself, nearly always carries this potential, while *engaging in* oral copulation or *other nonintercourse sexual activity,* by itself, never does. Given the potential life-altering consequences of intercourse, it may seem, at first blush, anomalous that section 261.5 is one of the only—if not the only—offenses proscribing sexual contact with a minor that is subject to discretionary, as opposed to mandatory, registration." (*Johnson*, at pp. 884-885, citing § 290.006, italics added.)

The *Johnson* court then examined the legislative history of section 261.5 and found that it "dispels any notion that confining the availability of discretionary registration to intercourse offenders has no rational basis." (*Johnson, supra,* 60 Cal.4th at p. 884.) The Supreme Court explained that "the very real problem of teen pregnancy and its costly consequences, as well as legislative concern that stigmatization might interfere with employment opportunities and the support of children conceived as a result of unlawful intercourse, offer more than just plausible bases for treating section 261.5 offenders differently than other types of sex offenders. Providing for discretion in section 261.5 cases allows the trial court to order registration in appropriate situations, while maintaining flexibility in those cases where, for instance, registration might cause

14

economic or other hardship to a child born to the minor victim and the adult offender." (*Johnson*, at p. 886.)

Lee acknowledges in his reply brief, which he filed after the Supreme Court decided *Johnson*, that he may no longer rely on *Hofsheier* and its progeny, including *Ranscht*, *supra*, 173 Cal.App.4th 1369, and *Thompson*, *supra*, 177 Cal.App.4th 1424, which he cited in his opening brief. He contends, however, that *Johnson* "does not foreclose his argument that he was denied equal protection because there is no rational basis for the differentiated treatment of those convicted of violating . . . section 261.5 and those convicted of violation . . . section 288.3." We reject this contention. As already discussed, the *Johnson* court concluded that the rational basis analysis in *Hofsheier* was wrong because "the very real problem of teen pregnancy and its costly consequences, as well as legislative concern that stigmatization might interfere with employment opportunities and the support of children conceived as a result of unlawful intercourse, offer more than just plausible bases for treating section 261.5 offenders differently than *other types of sex offenders*." (*Johnson*, *supra*, 60 Cal.4th at p. 886.) The reasoning of the *Johnson* court applies equally here. The same legislative concerns "offer more than just plausible bases" for treating section 261.5 offenders differently than section 288.3(a) offenders like Lee regarding sex offender registration under the Act. Where, as here, there are plausible reasons for the classification, our inquiry is at an end. (*Kasler v. Lockyer*, *supra*, 23 Cal.4th at pp. 481-482.) Accordingly, we need not reach the Attorney General's contention that Lee is "not similarly situated to other sex offenders who are not subject to mandatory registration."

15

Lee also contends the *Johnson* decision overruling *Hofsheier* and disapproving its progeny should not be applied retroactively in this case. We reject this contention. The *Johnson* court explained that "[a] decision of a court overruling a prior decision is typically given *full retroactive effect*. [Citation.] Despite this general rule, the federal and state Constitutions do not prohibit an appellate court from restricting retroactive application of an overruling decision on grounds of equity and public policy." (*Johnson, supra*, 60 Cal.4th at p. 888, italics added.) *Johnson* further explained that retroactive application of such a decision should not be denied "where . . . a sex offender has taken no action in *justifiable* reliance on the overruled decision." (*Id*. at p. 889, italics added.)

Here, there is no unfairness or inequity in rejecting, based on *Johnson's* overruling of *Hofsheier*, Lee's equal protection challenge to the mandatory sex offender registration requirement imposed as a condition of his probation. Lee has not shown, and cannot demonstrate, that he justifiably relied on *Hofsheier* when he pleaded guilty to one count of contacting a minor with intent to commit a sexual offense in violation of 288.3(a)). At the time he pleaded guilty, that offense was one of the crimes listed in section 290(c) (see fn. 5, *ante*), and thus sex offender registration was statutorily mandated under the Act. As part of his guilty plea, Lee initialed and signed a declaration acknowledging that lifetime registration as a sex offender under section 290 was a possible consequence of his plea. No appellate court had ruled that subjecting a convicted section 288.3(a) offender to mandatory sex offender registration was a violation of the constitutional right to equal protection of the laws. Furthermore, as the *Johnson* court explained, *Hofsheier* "attempted to limit its holding to the factual circumstances before it." (*Johnson, supra,*

16

60 Cal.4th at p. 878.) In *People v. Anderson* (2008) 168 Cal.App.4th 135, which was decided before Lee pleaded guilty, the Sixth District Court of Appeal explained that the Supreme Court's holding in *Hofsheier* "was limited to mandatory sex offender registration for violating section 288a, subdivision (b)(1). The high court repeatedly made it clear in its opinion that its analysis was limited to an equal protection challenge involving mandatory registration for one convicted of voluntary oral copulation with a minor 16 or 17 years old (§ 288a, subd. (b)(1)), as compared with discretionary registration for one convicted of voluntary sexual intercourse with a 16– or 17–year–old minor (§ 261.5)." (*Anderson*, at p. 141; accord, *People v. Kennedy* (2009) 180 Cal.App.4th 403, 409.)

For all of the foregoing reasons, we conclude that subjecting an offender convicted of a violation of section 288.3(a) to the mandatory sex offender registration requirement of section 290 does not violate the equal protection clauses of the federal and state Constitutions because there is a rational basis—that is, the Legislature had plausible rationales based on reasonably conceivable facts—for authorizing discretionary imposition of sex offender registration for section 261.5 offenders while mandating lifetime registration for other sex offenders, such as section 288.3(a) offenders. Accordingly, we affirm the order directing Lee to register as a sex offender under section 290.

DISPOSITION

The judgment of the trial court, including the order directing Lee to register as a sex offender under section 290, is affirmed.

_____
NARES, J.

WE CONCUR:

_____
BENKE, Acting P. J.

_____
McINTYRE, J.