Filed 3/24/14  P. v. Thompson CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DAVID WAYNE THOMPSON, <br><br> Defendant and Respondent. | F066096 <br><br> (Super. Ct. No. VCF029503-90) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Tim Ward, District Attorney, R. Anthony Fultz, Assistant District Attorney, Afreen A. Kaelble and John F. Sliney, Deputy District Attorneys, for Plaintiff and Appellant.

Hayes H. Gable III, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

The People appeal from an order granting defendant David Wayne Thompson's motion to strike the requirement that he register as a sex offender pursuant to Penal Code

section 290.[1] The People contend the trial court acted in excess of jurisdiction. We agree and reverse the court's order.

### FACTS AND PROCEDURAL HISTORY

In 1990, the Tulare County District Attorney filed an information against Thompson alleging one felony and six misdemeanors. Thompson was charged with: (1) felony possession of a controlled substance, cocaine (Health & Saf. Code, § 11350, subd. (a)); (2) misdemeanor possession of a hypodermic needle (Bus. & Prof. Code, § 4149); (3) misdemeanor battery upon an officer, S. Scofield (§ 243, subd. (b)); (4) misdemeanor battery on an officer, J. Robertson (§ 243, subd. (b)); (5) misdemeanor unlawful and lewd exposure of the person and private parts in a public place where there were present other persons to be offended and annoyed thereby (§ 314, subd. (1)) (indecent exposure); (6) misdemeanor use of a controlled substance, cocaine (Health & Saf. Code, § 11550); and (7) misdemeanor obstruction of a public officer in the discharge of his duties (§ 148). We refer to this case as the indecent exposure case. At his arraignment, Thompson entered a plea of not guilty to all counts.

In a second criminal case, Thompson was charged with two counts of robbery, two counts of kidnapping, and two counts of assault with a deadly weapon (the robbery case). In five additional cases, Thompson was charged with violation of probation.

On January 29, 1991, the parties reached a plea agreement on all seven cases. Thompson signed two documents titled "Advisement of Rights, Waiver and Plea Form" (plea form) in which he agreed to plead guilty to two counts of robbery (§ 211) and admit the special allegations that he used a knife and was on bail at the time of the offense.[2] In exchange, the district attorney's office agreed it would dismiss the kidnapping and assault

---

[1]Subsequent statutory references are to the Penal Code unless otherwise specified.

[2]Thompson signed one plea form for the robbery case and another form for the indecent exposure case.

2.

charges in the robbery case, and the prison term would be no more than seven years eight months total for all seven cases. The district attorney's office further agreed that it would dismiss counts 1, 2, 3, 4, and 7 in the indecent exposure case, and any prison term imposed in the case would be served concurrently. In a section titled "Acknowledgment of Consequences," the plea form provided, "I understand that the following procedures may be instituted against me by my plea" followed by a list of potential consequences and a space to acknowledge each potential consequence by initialing. Among the consequences listed was "Registration as a Sex Offender," which Thompson acknowledged by initialing twice—once on each plea form.

Judge Howard Broadman accepted the plea. Before doing so, the judge asked Thompson if he understood the plea forms and he said he did. The judge, Thompson, the prosecutor, and Thompson's attorney had the following discussion about the indecent exposure case:

"THE COURT: So what is he pleading to?

"[Defense attorney]: Two misdemeanors.

"THE COURT: The sex crime, and what's the other one?

"[Prosecutor]: 11550, under the influence.

"THE COURT: Oh, under the influence. How do you plead as charged in that case to the 11550, being under the influence, and exposing yourself, in violation of section 314? Understand you have to register.

"THE DEFENDANT: Guilty.

"THE COURT: All right. In that case I'm going to give you concurrent time.

"THE DEFENDANT: Okay."

Judge Broadman then accepted Thompson's plea in the robbery case and the five cases charging probation violations.

On February 14, 1991, Judge Broadman denied probation and sentenced Thompson to seven years in state prison for the robbery case. On February 28, 1991, Judge Broadman denied probation and imposed six months for indecent exposure and one year for being under the influence of a controlled substance in the indecent exposure case, time to be served concurrent to the robbery case.

On August 14, 2012, Thompson filed a motion to terminate the requirement that he register as a sex offender. He submitted a declaration in support of the motion in which he declared:

> "I was originally offered two robberies in [the robbery case] for seven years eight months and [the indecent exposure case] would be dismissed. However, at the time of the plea hearing, a different deputy district attorney required a plea to the Penal Code section 314(1) charge [indecent exposure] and the H&S 11550 charge [under the influence]. The remaining charges, including the felony, were to be dismissed.

> "When pleading to the 314 charge became part of the deal, I resisted the whole deal because I did not want to register as a sex offender and I told Judge Broadman that I would not take the deal if I had to register. At this point Judge Broadman cleared the courtroom to discuss the case with me because I had been a police informant. Judge Broadman said that I should strongly consider discussing the situation with my attorney because I didn't want to spend my life in prison, especially because I had been a police informant. (The original kidnapping charges carried two life sentences.) Judge Broadman also told me that I wouldn't have to register for the Penal Code section 314(1) offense because it was like urinating in public. This discussion took place before the actual plea and before I discussed the case with my attorney, which is why I believe Judge Broadman's advice about registration is not on the plea transcript.

> "After discussing the cases with my attorney, I pled guilty to two counts of robbery in [the robbery case] and to the Penal Code 314(1) charge and to being under the influence in [the indecent exposure case]. When I pled, it was my understating that I would receive seven years eight months total and that I would not have to register as a sex offender."

The People opposed the motion, noting that section 290 provides for mandatory registration when a person is convicted of violation of section 314, subdivision (1). They

pointed out that Thompson and his attorney signed the written plea form acknowledging that sex offender registration might be a consequence of entering a plea. The People also argued that the appropriate procedure for seeking relief from the duty to register as a sex offender is provided by sections 290.5 and 4852.01 (providing for petition of certificate of rehabilitation), and Thompson had not followed that procedure.

On September 14, 2012, the trial court granted Thompson's request to strike the registration requirement. The court stated: "I am of the absolute firm belief that I believe Mr. Thompson when Judge Broadman told him he would only have to register during his probationary time.[3] I truly believe that, that happened and I'm going to grant the motion."

The deputy district attorney objected. The court stated that he knew Judge Broadman "very, very well …." The deputy district attorney asked whether Judge Broadman could be brought in, and the court replied, "I can, I can tell you he won't remember but that's the kind of thing he would say." The deputy district attorney opined that it seemed odd that a judge would speak to a defendant ex parte as described by Thompson. The court discussed his knowledge of Judge Broadman: "To say he was unique in the way he handled cases would be an understatement. To say that he probably talked to every defendant, that would be an accurate statement. I know that on many of the cases I represented he would just talk to my clients.… [¶] [G]iven my experience with Judge Broadman, I, I believe Mr. Thomson when he says that."

The court continued, "The other two things I'd point out … are this, that he was required to register during his term of probation. [¶] Number two, it was a misdemeanor as opposed to … being a felony. There's no question, Mr. Thompson, you know, back then was a very bad guy. It doesn't appear that Mr. Thompson has continued that lifestyle

---

**3**The parties agree that the trial court's reference to probationary time was incorrect. Thompson was not placed on probation; rather, Judge Broadman denied probation and instead sentenced him to seven years eight months in prison.

so for a variety of reasons, and I find Mr. Thompson's declaration very, very credible [and] I am going to strike the lifetime registration pursuant to 290 and find that it was only required during his term of probation. That will be the order."

The deputy district attorney then pointed out that Thompson had criminal convictions in 2005, 2006, 2007, and 2010, and had been sentenced to four years in prison for theft of an elder in 2007.

The People filed a notice of appeal on November 2, 2012.

### *DISCUSSION*

Under section 290, any person who is convicted of violation of one of the enumerated offenses—including section 314, subdivision (1)—must register as a sex offender "for the rest of his or her life while residing in California .…" (§ 290, subds. (b) & (c).) "The purpose of the section 290 registration requirement is to ensure that convicted sex offenders are readily available for police surveillance." (*People v. Williams* (2009) 171 Cal.App.4th 1667, 1672.) The registration requirement is automatic and mandatory and "is 'not a permissible subject of plea agreement negotiation' [citation]." (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527; *People v. Kennedy* (2011) 194 Cal.App.4th 1484, 1491.) "[N]either the prosecution nor the sentencing court has the authority to alter the legislative mandate that a person convicted of [an enumerated offense] shall register as a sex offender pursuant to the provisions set forth in section 290." (*People v. McClellan* (1993) 6 Cal.4th 367, 380.)

Section 290.5 provides a procedure for seeking relief from the registration requirement. Specifically, if a person required to register under section 290 was not convicted of certain enumerated offenses; obtains a certificate of rehabilitation under section 4852.01; and is not in custody, on parole or on probation, then the person "shall be relieved of any further duty to register under Section 290 .…" (§ 290.5, subd. (a).)

Here, because Thompson was convicted of violation of section 314, subdivision (1), he automatically became subject to the registration requirement. The

6.

People contend that the trial court exceeded its jurisdiction by striking the registration requirement because it did not follow the procedure set forth in section 290.5. We agree.

"[C]ourts are not free to ignore the Legislature's procedural requirements for the convenience of the parties." (*Magana Cathcart McCarthy v. CB Richard Ellis, Inc.* (2009) 174 Cal.App.4th 106, 110, 116 [disapproving of parties' stipulated judgment intended to create appellate review without compliance with mandatory requirements of summary judgment].) "Where a statute requires a court to follow a particular procedure, an act beyond those limits is in excess of the court's jurisdiction." (*People v. Silva* (1981) 114 Cal.App.3d 538, 549.)

For example, in *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1776, the defendant was convicted of robbery and committed to the California Youth Authority. Many years later, the defendant and the district attorney stipulated that the robbery conviction be vacated and a misdemeanor grand theft charge be substituted; they also stipulated that the defendant could thereafter seek to have the record of the misdemeanor conviction sealed. The trial court approved the stipulation and ordered the defendant's misdemeanor record sealed. The People later moved to vacate the order sealing the record, which was denied. (*Id.* at pp. 1777-1778.) The Court of Appeal reversed, concluding the order sealing the defendant's record was made in excess of the court's jurisdiction. (*Id.* at p. 1782.) The court observed that the "power of the court to seal conviction records … derives solely from legislative authority." (*Id.* at p. 1779.) The statute providing for the sealing of misdemeanor records of persons under 18 years old did not apply to the defendant in *Mendez*, who had been convicted of a felony and was 19 at the time of the offense. (*Id.* at pp. 1776, 1780.)

Similarly, in this case, the power to grant relief from the registration requirement derives solely from the legislative authority of section 290.5. Since Thompson did not comply with the requirements of section 290.5, the trial court acted in excess of its jurisdiction by relieving him of the requirement that he register as a sex offender.

Thompson's arguments that the trial court's order should be affirmed are not persuasive. First, he argues the trial court acted pursuant to its inherent power to correct clerical errors. The clerical error he asserts was the failure by Judge Broadman to specify that Thompson was not subject to the requirement to register under section 290. Our Supreme Court has explained that courts have "the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.) "The court may correct such errors on its own motion or upon the application of the parties." (*Ibid*.)

> "Clerical error, however, is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted. [Citation.] [¶] An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*In re Candelario*, *supra*, 3 Cal.3d at p. 705.)

Here, in taking Thompson's plea in the indecent exposure case, Judge Broadman stated, "Understand you have to register." Thompson signed forms acknowledging that registering as a sex offender might be a consequence of his plea. Nothing in the reporter's transcript of the January 29, 1991, hearing indicates that the trial court intended to order Thompson *not* to have to register as a sex offender. Thus, it cannot be said there was an error "'in recording the judgment rendered.'" (*In re Candelario*, *supra*, 3 Cal.3d at p. 705.) Further, once Thompson was convicted of indecent exposure, he was automatically required to register as a sex offender by operation of section 290. (*People v. Kennedy*, *supra*, 194 Cal.App.4th at p. 1491.) To relieve him of that requirement would substantially modify the original judgment and therefore may not be accomplished under the trial court's authority to correct clerical errors. (*In re Candelario*, *supra*, at p. 705.) Most important, even if Judge Broadman intended to relieve Thompson of the

duty to register, the judge did not have the statutory authority to do so. (*People v. McClellan*, *supra*, 6 Cal.4th at p. 380.) For these reasons, the trial court's order striking the registration requirement may not be affirmed on the basis that it merely corrects a clerical error.

Next, Thompson claims he is entitled to specific performance of his plea agreement. He argues that he reached an agreement with the trial court that he would not have to register as a sex offender. The problem with this argument is that a plea agreement is not an agreement between a defendant and a judge. Rather, "[t]he process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement *negotiated by the People and the defendant* and approved by the court." (*People v. Orin* (1975) 13 Cal.3d 937, 942, italics added.) "[T]he court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection." (*Id.* at p. 943.)

The trial court found Thompson's declaration credible. That means the court made the factual finding that Judge Broadman cleared the courtroom and told Thompson he would not have to register as a sex offender. Neither the prosecutor nor Thompson's attorney was present. Judge Broadman did not make any record of the promise that Thompson would not have to register as a sex offender. To the contrary, on the record, he indicated that Thompson would "have to register." Consequently, the prosecutor was not aware of the judge's promise and did not agree to that term in the plea agreement. Since there was no agreement between the prosecutor and Thompson that he would not have to register as a sex offender, Thompson is not entitled to specific performance of that alleged term of the agreement. Thompson's argument fails for the additional reason that sex offender registration would not be a permissible subject of plea agreement negotiation in any event. (*People v. Kennedy*, *supra*, 194 Cal.App.4th at p. 1491.)

9.

Finally, Thompson contends that, if his first two arguments fail, then his plea should be vacated because Judge Broadman's promise that he would not have to register as a sex offender was illusory.  The People reply that this contention has been forfeited.  They point out that Thompson did not object either when he initialed the acknowledgment that registration might be a consequence of his plea or when Judge Broadman said— immediately prior to taking his plea on the indecent exposure count—"Understand you have to register."  (See *People v. McClellan*, *supra*, 6 Cal.4th at p. 377 ["defendant waived his claim of error by failing at the sentencing hearing to interpose a timely objection to the registration requirement."].)  In addition, we observe that Thompson did not move to withdraw his plea with the trial court.  "As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.'"  (*People v. Smith* (2001) 24 Cal.4th 849, 852.)  Given that Thompson failed to object at the time he entered his plea and has not requested withdrawal of his plea with the trial court, we decline to consider, in the first instance, his contention that his plea should be set aside.

We conclude the trial court's order striking the requirement that Thompson register as a sex offender was an act in excess of the court's jurisdiction and must be reversed.  As a result, we need not consider the People's second argument that the trial court's factual findings were not supported by substantial evidence.

## *DISPOSITION*

The order is reversed.

_____
LaPorte, J.[*]

WE CONCUR:

_____
Kane, Acting P.J.

_____
Peña, J.

---

[*]Judge of the Superior Court of Kings County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.