Filed 3/6/15  P. v. Johnson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072730 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F05747) |
| v. | |
| ANDREW JOHNSON, | |
| Defendant and Appellant. | |

Defendant Andrew Johnson appeals from a judgment of conviction following his no-contest plea.  Defendant was charged with one count of felony possession of child pornography in violation of section 311.11, subdivision (a).[1]  Following his conviction on the plea, defendant was placed on probation, ordered to serve 360 days in the county jail, and required to register as a sex offender.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offense.

This appeal presents a single issue. Defendant contends that section 4852.03, which sets forth some of the requirements for obtaining a certificate of rehabilitation, violates his right to equal protection because it requires him to serve a longer period of rehabilitation than similarly situated offenders. The People contend that this issue is not justiciable because defendant has neither completed the shorter rehabilitation period that he contends should apply to him nor fulfilled the other statutory requirements, and is, thus, not yet eligible to petition for relief. Additionally, the People contend that even if defendant's appeal was ripe, section 4852.03 does not violate defendant's equal protection rights because he is not similarly situated to those offenders required to complete the shorter rehabilitation period.

We conclude that defendant's claim on appeal is not ripe. Defendant is not yet eligible to apply for a certificate of rehabilitation even under the shorter period of rehabilitation he says should apply to him and he has not satisfied the other statutory requirements. Accordingly, any review of this issue on appeal would be advisory. We therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### Charges and Plea

On September 6, 2011, the Sacramento County District Attorney filed an information charging defendant with one count of felony possession of child pornography in violation of section 311.11, subdivision (a), in that "defendant did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined under Penal Code Section 311.4(d)." On March 23, 2012, defendant pleaded no contest.[2]

---

[2] During the factual basis for the plea, the People alleged that police officers seized defendant's computer and found over "30 videos depicting sexual intercourse between juveniles and adults."

2

**Post-Conviction Motions and Sentencing**

Before sentencing, defendant filed a motion to reduce his conviction to a misdemeanor and a motion to preclude mandatory sex offender registration. On November 2, 2012, during the sentencing hearing, the trial court granted the motion to reduce defendant's conviction to a misdemeanor but denied the motion to preclude sex offender registration. The court ruled that it was required to impose section 290 sex offender registration pursuant to *People v. Kennedy* (2011) 194 Cal.App.4th 1484. The court then ordered that imposition of judgment and sentence be suspended and placed defendant on probation for three years. Additionally, the court ordered that defendant serve 360 days in the county jail and recommended work furlough. The court ordered that defendant register as a sex offender pursuant to section 290. The court order also informed defendant that after completing a period of probation and successfully petitioning the court to allow him to withdraw his plea, he could then "petition the court for a certificate of rehabilitation and pardon upon completion of the requirements of Penal Code section 4852.01."

## DISCUSSION

### I. Eligibility for Relief and the Contentions of the Parties

Section 4852.01 et seq. permits certain offenders to request a certificate of rehabilitation. Prior to seeking relief under section 4852.01, an offender convicted of a misdemeanor sex offense specified under section 290 must first obtain an expungement under section 1203.4. (§ 4852.01, subd. (c).) To obtain a certificate of rehabilitation, "[t]he person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05.) For crimes not otherwise specified, the petitioner must be rehabilitated for seven years before filing the petition. (§ 4852.03, subd. (a)(3).) However, the period of rehabilitation is 10 years for a "person convicted of committing any offense or attempted offense for which sex offender registration is required pursuant

3

to Section 290, except for convictions for violations of subdivision (b), (c), or (d) of Section 311.2, or of Section 311.3, 311.10, or 314." (§ 4852.03, subd. (a)(2).) For those convictions, the period is seven years. (*Ibid.*) Additionally, the period of rehabilitation must include five years residency in this state. (§ 4852.03, subd. (a).)

Our Supreme Court has made it clear that a certificate of rehabilitation is not necessarily available to every convicted felon who claims to meet the minimum statutory requirements and is otherwise eligible to apply. (*People v. Ansell* (2001) 25 Cal.4th 868, 887.) The standards for determining whether rehabilitation has occurred are high. (*Ibid*.) The decision of whether a petitioner has demonstrated rehabilitation is left to the discretion of the trial court. (*Ibid.*; *People v. Lockwood* (1998) 66 Cal.App.4th 222, 228.)

Defendant contends that the disparate statutory treatment of the identified categories of sex offenders in section 4852.03, subdivision (a)(2), and other categories of sex offenders is unconstitutional under the equal protection clauses of both the California Constitution and the United States Constitution. Relying on *People v. Schoop* (2012) 212 Cal.App.4th 457, 474 (*Schoop*), defendant argues that section 4852.03 unfairly requires offenders who are convicted under section 311.11 to wait 10 years before becoming eligible to seek a certificate of rehabilitation, while it allows a shorter seven-year period for persons convicted of substantially similar offenses (§§ 311.2, subds. (b)-(d), 311.3, 311.10). The People contend that this matter is not yet ripe for adjudication because defendant does not meet the seven year rehabilitation period requirement or the other statutory requirements. Additionally, the People contend defendant's claim fails on the merits, arguing that *Schoop* is distinguishable.

## II. Justiciability

We must first address whether the sole issue on appeal is justiciable. "It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489; see also *Vernon v. State of Cal.* (2004) 116 Cal.App.4th 114, 120.) "The ripeness requirement, a

4

branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions. [Citation.] It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion. . . . [T]he ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy. . . . [¶] . . . 'The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. [Citation.] It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " (*Pacific Legal Foundation v. Cal. Coastal Com.* (1982) 33 Cal.3d 158, 170-171; see also *San Diego County Water Authority v. Metropolitan Water Dist.* (2004) 117 Cal.App.4th 13, 20; *Sanctity of Human Life Network v. Cal. Highway Patrol* (2003) 105 Cal.App.4th 858, 872; *Hunt v. Superior Court* (1999) 21 Cal.4th 984, 998.)

As the People point out, defendant "has served less than [10] months of his [36] month probation. If [defendant] successfully completes his probation, without any probation violations, his probation will end on November 2, 2015. He will then be eligible to apply for relief under section 1203.4. If he is granted section 1203.4 relief, resides in California for five years, and obeys all laws, exhibits good moral character, honesty, and industry, then he can begin accruing his period of rehabilitation." Thus, there are many conditions that defendant must meet before he can qualify for a certificate of rehabilitation. Even using the seven-year calculation to which defendant says he is entitled, the earliest he would be eligible to apply for a certificate of rehabilitation under section 4852.01 is November 2, 2022.

"The legal issues posed must be framed with sufficient concreteness and immediacy so that the court can render a conclusive and definitive judgment rather than a

purely advisory opinion based on hypothetical facts or speculative future events. [Citation.]" (*Hayward Area Planning Assn. v. Alameda County Transportation Authority* (1999) 72 Cal.App.4th 95, 102.)  Here, defendant's claims are based purely on "speculative future events" because his potential petition for relief under section 4852.01 is contingent on many prerequisites.  (*Ibid.*; see §§ 1203.4, 4852.01, 4852.03, 4852.05, 4852.13.)  Indeed, whether the eligibility disparity about which defendant complains is still law in 2022, is itself a matter of pure speculation.  Accordingly, we hold that defendant's theoretical claim of a violation of his right to equal protection is not ripe for adjudication.  Because we conclude this issue is not yet justiciable, we do not reach the merits of defendant's equal protection argument.

## DISPOSITION

The appeal is dismissed.


         MURRAY         , J.


We concur:


      MAURO        , Acting P. J.


      HOCH         , J.