Filed 6/27/24  Alliance for Constitutional Sex Offense Laws v. Bonta CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALLIANCE FOR CONSTITUTIONAL SEX OFFENSE LAWS, INC., et al., | C098492 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2022-80003816-CU-WM-GDS) |
| v. | |
| ROB BONTA, as Attorney General, etc., | |
| Defendant and Respondent. | |

The question before us in this case is whether a defendant who was charged with and found guilty of a felony violation of Penal Code section 288.2,[1] and thereby required to register for life as a sex offender pursuant to section 290, but who later had his conviction reduced to a misdemeanor pursuant to section 17, is still required to register for life.  The trial court held he is, and for the reasons stated below, we agree and thus affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

The underlying facts are not disputed.  Plaintiff John Doe was convicted in 2013 of a felony violation of section 288.2.  At the time of his conviction, section 290 required anyone convicted of an enumerated offense to register as a sex offender for life.  (Former § 290, subds. (b) & (c); see also *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [§ 290 imposes " 'a lifelong obligation to register' "].)  A felony violation of section 288.2 was an enumerated offense and thus required lifetime registration; a misdemeanor violation of section 288.2 was not an enumerated offense and thus did not require registration at all.  (Former § 290, subd. (c).)

In 2019, plaintiff's felony conviction was reduced to a misdemeanor pursuant to section 17.

Operative January 1, 2021, section 290 was amended to establish three tiers of registration—10 years, 20 years, and life—depending on the offense for which the defendant was convicted.  (See Stats. 2017, ch. 541, § 2.5; § 290, subd. (d).)  A defendant convicted of a felony violation of section 288.2 is assigned to tier three and is still subject to lifetime registration.  (§ 290, subd. (d)(3)(C)(x).)  As before the amendment, a defendant convicted of a misdemeanor violation of 288.2 is not required to register at all.

After the amendments to section 290 took effect, plaintiff received a notice from the Department of Justice (DOJ) stating he was assigned to tier three and thus subject to lifetime registration.[2]  Plaintiff contends he is no longer required to register because his felony conviction was reduced to a misdemeanor pursuant to section 17, and a misdemeanor violation of section 288.2 does not require registration.  He thus sought a writ of mandate ordering DOJ to terminate his obligation to register as sex offender, and a

---

[2]     DOJ is responsible for maintaining a public Web site identifying persons required to register pursuant to section 290.  (§ 290.46, subd. (a).)  Although not explicitly stated in the briefs or the record, it is implicit that DOJ also assigns registrants to tiers.

declaratory judgment that all persons whose felony convictions under section 288.2 were reduced to misdemeanors before the amendment to section 290 took effect are no longer required to register.[3]  The trial court denied the writ of mandate petition and the related request for declaratory relief, finding plaintiff and others like him are still required to register even after the amendment to section 290.  This appeal followed.

## DISCUSSION

Plaintiff argues that because his felony conviction of violating section 288.2 was reduced to a misdemeanor pursuant to section 17 before the amendment to section 290 took effect, he is no longer required to register as a sex offender.  His appeal involves an issue of statutory interpretation, which we review de novo.  (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

I

*Relevant Statutes*

This appeal requires us to consider and interpret three statutes and their relation to each other:  sections 288.2, 290, and 17.

Section 288.2 makes it a crime to send or show harmful matter to a minor with the intent to (1) appeal to the sexual desires of the defendant or the minor, and (2) engage in sexual relations with the minor.  (§ 288.2, subd. (a).)  Section 288.2 is a wobbler—i.e., one of "a special class of crimes involving conduct that varies widely in its level of seriousness," and that are "chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine." (*People v. Park* (2013) 56 Cal.4th 782, 789 (*Park*); see also § 288.2, subd. (a)(1).)

---

[3]      Although there is a second plaintiff (Alliance for Constitutional Sex Offense Laws, Inc.), for simplicity's sake we refer to plaintiff in the singular throughout this decision.

Section 290 is part of the Sex Offender Registration Act, which requires those convicted of enumerated crimes to register as sex offenders.  (§ 290; *People v. Mosley* (2015) 60 Cal.4th 1044, 1048.)  The act's purpose " 'is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.' " (*Wright v. Superior Court, supra*, 15 Cal.4th at p. 527.)  Until recently, the obligation to register was lifelong regardless of the crime for which the person was convicted.  (*Ibid*.; see also former § 290, subd. (b) [person convicted of enumerated crime "shall be required to register" "for the rest of his or her life"].)  "Over time, this one-size-fits-all approach led to California having 'the largest number of registrants in the nation,' 'mak[ing] it difficult for law enforcement to effectively supervise those who present[ed] the greatest public danger.' " (*People v. Franco* (2024) 99 Cal.App.5th 184, 190.)  "In order to reduce the burden on this overwhelmed system and thereby free up law enforcement to supervise the sex offenders who pose the greatest risk to the community," the Legislature amended section 290 operative January 1, 2021, to establish "a three-tiered system, with offenders in each tier presumptively obligated to register for different periods of time depending on the degree of risk they pose to the community." (*Franco*, at p. 191; see also § 290, subd. (d).)  Tier one offenders must register for a minimum of 10 years; tier two offenders must register for a minimum of 20 years; and tier three offenders must continue to register for life.  (§ 290, subd. (d); *People v. Manzoor* (2023) 95 Cal.App.5th 548, 554 (*Manzoor*).)  The list of enumerated crimes for which registration is required did not change.  (Compare former § 290, subd. (c) with current § 290, subd. (c).)  What changed is that each enumerated crime was placed into a particular tier, and procedures were established for persons in tiers one and two to seek termination from the registry once they served their minimum registration periods. (§§ 290, subd. (d), 290.5.)

4

Section 290 provides a person convicted of a "felony violation of Section 288.2" must register, but it does not mention misdemeanor violations. (§ 290, subd. (c)(1).) The parties thus agree that a person convicted of a misdemeanor violation of section 288.2 is not required to register. A person convicted of a felony violation of section 288.2 is classified as a tier three offender and is thus "subject to registration for life." (§ 290, subd. (d)(3); see § 290, subd. (d)(3)(C)(x).) It is undisputed that plaintiff was convicted in 2013 of a felony violation of section 288.2.

Section 17, subdivision (b) provides: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison . . . or by fine or imprisonment in the county jail, it is a misdemeanor *for all purposes* under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b), italics added.) This is the provision that authorizes a court to reduce a wobbler to a misdemeanor—which is what happened in this case when plaintiff's felony conviction was reduced to a misdemeanor in 2019.

Finally, subdivision (e) of section 17 provides, "This section does not authorize a judge to relieve a defendant of the duty to register as a sex offender pursuant to Section 290 if the defendant is charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty."

## II

### *Analysis*

Plaintiff's appeal is based on the "for all purposes" language in subdivision (b) of section 17. He cites case law that holds, "A wobbler offense stands as a felony unless and until" the court has reduced it to misdemeanor, but "once a court has reduced a wobbler to a misdemeanor . . . , the crime is thereafter regarded as a misdemeanor '*for all*

5

*purposes.*' " (*Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1481, 1483, italics added; see also *Park, supra*, 56 Cal.4th at p. 791, fn. 6 [when a wobbler is reduced to a misdemeanor the defendant stands convicted of a misdemeanor "from that point forward"].) He argues that when his conviction for violating section 288.2 was reduced from a felony to a misdemeanor in 2019, it thereafter became a misdemeanor "for all purposes," including for purposes of section 290's registration requirement. He then argues that because section 290 does not require those convicted of misdemeanor violations of section 288.2 to register as sex offenders, he is no longer required to register. We disagree.

Our Supreme Court has held, "when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures [outlined in section 17, subdivision (b)], the offense thereafter is deemed a 'misdemeanor for all purposes,' *except when the Legislature has specifically directed otherwise*." (*Park, supra*, 56 Cal.4th at p. 795, italics added.) As noted above, subdivision (e) of section 17 states: "This section does not authorize a judge to relieve a defendant of the duty to register as a sex offender pursuant to Section 290 if the defendant is charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty." Two cases—*People v. Kennedy* (2011) 194 Cal.App.4th 1484 (*Kennedy*) and *Manzoor, supra*, 95 Cal.App.5th 548—have held subdivision (e) is an example of the Legislature "specifically directing otherwise," and that a defendant whose felony conviction of violating 288.2 is later reduced to a misdemeanor is not relieved of the duty to register as a sex offender pursuant to section 290. These cases are dispositive of this appeal, and we thus discuss them in some detail.

The defendant in *Kennedy* pled no contest to a felony violation of section 288.2 and was thus required to register as a sex offender. His conviction was subsequently reduced to a misdemeanor pursuant to section 17, and he thereafter filed a motion for an order terminating his registration requirement. (*Kennedy, supra*, 194 Cal.App.4th at

pp. 1487-1488.)  The trial court denied the motion, holding subdivision (e) of section 17 prohibited it from relieving the defendant of his duty to register, and the appellate court affirmed.  (*Kennedy*, at pp. 1487, 1489.)

Like plaintiff here, the defendant cited the general rule that when a wobbler is reduced to a misdemeanor pursuant to section 17, it is thereafter deemed a misdemeanor for all purposes, and he argued subdivision (e) did not explicitly override the general rule. The court disagreed.  It began by noting section 290 applied automatically to all enumerated offenses, including felony violations of section 288.2, and mandated lifetime registration.  (*Kennedy, supra*, 194 Cal.App.4th at p. 1491.)  Citing subdivision (e), it then noted, "It is undisputed here that defendant was 'charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty.' " (*Kennedy*, at p. 1491.)  Finally, it held:  "When the trial court later granted defendant's . . . motion to reduce the offense from the felony to a misdemeanor, the offense became a misdemeanor from that point on, but not retroactively.  [Citation.]  Therefore, notwithstanding the authority of the trial court to subsequently reduce defendant's conviction from a felony to a misdemeanor pursuant to section 17, subdivision (b)(3), the trial court was not 'authorize[d] . . . to relieve . . . defendant of the duty to register as a sex offender pursuant to Section 290.' (§ 17, subd. (e).)" (*Id*. at p. 1492.)

The court then briefly examined the legislative history of section 17 and found it provided further support for its conclusion, explaining:  "When section 17 was amended in 1998 to add in part subdivision (e), an analysis of the underlying assembly bill by the Assembly Committee on Public Safety stated that the bill '[p]recludes the court in reducing a felony to a misdemeanor from relieving a sex offender of his or her duty to register pursuant to Penal Code Section 290.' (Assem. Com. on Public Safety, analysis of Assem. Bill No. 2680 (1997-1998 Reg. Sess.) as amended Apr. 15, 1998, p. 1.)  Thus, our

7

construction promotes rather than defeats the general purpose of the statute." (*Kennedy, supra*, 194 Cal.App.4th at p. 1492.)

*Kennedy* thus teaches that a person who is convicted of a felony violation of section 288.2, and who later has his or her conviction reduced to a misdemeanor pursuant to section 17, is still required to register for life. Plaintiff notes *Kennedy* was decided before the recent amendments to section 290, and he suggests it is no longer good law. *Manzoor, supra*, 95 Cal.App.5th 548, however, was decided after the amendments (and also after this appeal was filed), and it agreed with and followed *Kennedy* and rejected most of the arguments plaintiff makes in this case. The defendant in *Manzoor* was convicted of a felony violation of section 288.2 in 2006, and in early 2020 his conviction was reduced from a felony to a misdemeanor. (*Manzoor*, at p. 552.) In 2021, he filed a petition for relief from the sex offender registration requirements, arguing "because the court reduced his felony violation of section 288.2 to a misdemeanor pursuant to section 17, subdivision (b)(3), he is entitled to relief from the sex offender registration requirements under the amendments to section 290 that became effective on January 1, 2021." (*Id*. at p. 553.) The trial court disagreed and denied the petition, and the appellate court affirmed. (*Ibid*.)

Also like plaintiff here, the defendant in *Manzoor* argued the amendments to section 290 changed the outcome in *Kennedy*, but the *Manzoor* court disagreed. Its explanation is persuasive, and we thus quote from it in full: "Based on the plain language of section 17, subdivision (e), we agree with *Kennedy* that the reduction of a defendant's felony violation of section 288.2 to a misdemeanor pursuant to section 17, subdivision (b) does not affect the defendant's lifetime duty to register as a sex offender under section 290. [Citation.] Subdivision (e) of section 17 makes clear that all that matters for purposes of a defendant's duty to register as a sex offender is the offense with which he or she was 'charged' and 'for which the trier of fact has found the defendant guilty.' (§ 17, subd. (e).) If it is 'an offense for which registration as a sex offender is required

pursuant to Section 290,' subdivision (e) of section 17 expressly states that a trial court is not authorized to relieve the defendant from the registration requirements, even if the court has reduced the conviction to a misdemeanor pursuant to subdivision (b) of section 17. (*Id.*, subd. (e).)

"The Legislature amended section 17 several years after *Kennedy* was decided in 2011, but it did not substantively alter those provisions of the statute construed in *Kennedy*. (Stats. 2022, ch. 734, § 2; § 17, subd. (e).) It also did not include any language in the 2021 amendments to section 290 indicating an intent to establish an exception to subdivision (e) of section 17. (§ 290.) ' "[W]hen the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction." ' [Citation.]

"Applying subdivision (e) of section 17 here, we conclude that the trial court did not err in finding that Manzoor was subject to lifetime registration under the current version of section 290. Manzoor was charged with and pleaded guilty to a felony attempted violation of section 288.2. Both the prior version and the current version of section 290 provide that a defendant convicted of a felony violation of section 288.2 is subject to lifetime sex offender registration. (§ 290, subds. (c)(1), (d)(3)(C)(x); see *id.*, former subd. (c), as amended by Stats. 2018, ch. 423, § 52.) The trial court's reduction of Manzoor's felony conviction to a misdemeanor pursuant to section 17, subdivision (b)(3) did not eliminate his lifetime obligation to register because he was charged with and found guilty of 'an offense for which registration as a sex offender is required pursuant to Section 290.' (§ 17, subd. (e).) Subdivision (e) of section 17 therefore precluded the trial court from relieving Manzoor of his lifetime duty to register.

"Manzoor presents no basis for departing from this conclusion. He argues that the phrase 'a misdemeanor for all purposes' as used in section 17, subdivision (b) has been 'repeatedly interpreted to be literally, "for all purposes." ' However, our high court in [ ]

9

*Park*[*, supra*,] 56 Cal.4th 782 explained that '[t]he provisions of section 17(b) are not necessarily conclusive, . . . and the Legislature sometimes has explicitly made clear its intent to treat a wobbler as a felony for specified purposes notwithstanding a court's exercise of discretion to reduce the offense to a misdemeanor.' (*Id*. at p. 794.) '[W]e discern a long-held, uniform understanding that when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a "misdemeanor for all purposes," except when the Legislature has specifically directed otherwise.' (*Id*. at p. 795.)

"As we have already indicated, the Legislature has 'specifically directed otherwise' for sex offender registration requirements by enacting subdivision (e) of section 17. [Citations.]" (*Manzoor, supra*, 95 Cal.App.5th at pp. 556-558.)

"In sum, we are not persuaded by Manzoor's argument that the amendments to section 290 reflect a legislative intent to relieve a defendant whose felony conviction of section 288.2 has been reduced to a misdemeanor pursuant to section 17 from the lifetime obligation to register. Under both the current version and the pre-2021 version of section 290, a felony conviction of section 288.2 requires lifetime registration, and misdemeanor violations of section 288.2 are not mentioned. (§ 290, subds. (c)(1), (d)(3)(C)(x); see *id*., former subd. (c), as amended by Stats. 2018, ch. 423, § 52.) And subdivision (e) of section 17 continues, both before and after the amendments to section 290, to prohibit a court from 'reliev[ing] a defendant of the duty to register as a sex offender pursuant to Section 290' where the 'defendant is "charged with an offense for which registration as a sex offender is required pursuant to Section 290, and for which the trier of fact has found the defendant guilty." ' (*Kennedy, supra*, 194 Cal.App.4th at pp. 1491-1492.) Because Manzoor was adjudicated guilty of an offense for which lifetime registration as a sex offender is required, the trial court did not err in denying his petition for relief from the registration requirements." (*Manzoor, supra*, 95 Cal.App.5th at pp. 559-560.)

So, too, in this case. To use the language of subdivision (e) of section 17, plaintiff was "charged with an offense for which registration as a sex offender is required pursuant to section 290"—namely, a felony violation of section 288.2. (§ 17, subd. (e).) He was also convicted of that offense, which is equivalent to being "found . . . guilty" by the trier of fact. (*Ibid*.; see also *People v. Kirk* (2006) 141 Cal.App.4th 715, 720-721 [conviction means the " 'factual ascertainment of guilt by verdict or plea' "].) He thus fits squarely within the language of subdivision (e). And even though his felony conviction was reduced to a misdemeanor pursuant to subdivision (b) of section 17, subdivision (e) prohibits a court (including this court) from relieving him (or others like him) of the duty to register as a sex offender pursuant to section 290.

Plaintiff acknowledges that *Manzoor* rejected many of the arguments he makes here. Although he states *Manzoor*'s holding is "incorrect," he barely discusses the case, much less convinces us it was wrongly decided. (See, e.g., *People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237 [" '[o]ne cannot simply say the court erred, and leave it up to the appellate court to figure out why' "].) We find *Manzoor* persuasive and agree with its holding that when a person is found guilty of an offense requiring lifetime registration, section 17, subdivision (e) prohibits a court from granting relief from that requirement.

Although *Manzoor* did not discuss the legislative history of subdivision (e), that history supports this interpretation. As briefly noted in *Kennedy*, subdivision (e) was added to section 17 in 1998 by Assembly Bill No. 2680 (1997-1998 Reg. Sess.), and an early analysis of the bill stated it " '[p]recludes the court in reducing a felony to a misdemeanor from relieving a sex offender of his or her duty to register pursuant to Penal Code Section 290.' " (*Kennedy, supra*, 194 Cal.App.4th at p. 1492.) Although not mentioned in *Kennedy*, this same analysis noted existing law "[p]rovides that if an offense is punishable as an alternative felony/misdemeanor, the court may in specific instances reduce a felony to a misdemeanor. (Penal Code Section 17.)" (Assem. Com.

11

on Public Safety, analysis of Assem. Bill No. 2680 (1997-1998 Reg. Sess.) as amended April 15, 1998, p. 2.) The analysis then explained, " 'This bill . . . specifies that when a judge declares a felony offense to be a misdemeanor after the imposition of probation, that *it would be a misdemeanor for all purposes **except** sex offender registration*.' " (*Ibid*., italics and bolding added.) This analysis of the bill demonstrates three things. First, the Legislature was aware of and bearing in mind the general rule that when a wobbler is reduced to a misdemeanor pursuant to section 17 it is thereafter considered a misdemeanor for all purposes. Second, the Legislature intended for subdivision (e) to be an *exception* to the general rule. And third, subdivision (e) is thus an example of the Legislature "specifically direct[ing] otherwise" for purposes of sex offender registration. (*Park, supra*, 56 Cal.4th at p. 795.)

Another analysis of the bill commented it was needed in order "to close a . . . technical loophole[] in the law that improperly reduce[d] the number of people who are charged with sex offender statutes but are not required to register." (Sen. Comm. on Pub. Safety, analysis of Assem. Bill No. 2680 (1997-1998 Reg. Sess.) as amended June 3, 1998, p. 4.) The analysis also stated, "The author's office submits information provided from the Attorney General's office summarizing incidents which purportedly illustrates 'that judges are using PC 17 as a way to eliminate the 290 registration requirement for certain offenses.' " (*Id*. at p. 5.) The analysis then explained, "This bill would insert into Section 17 a provision expressly prohibiting courts from relieving a defendant of the duty to register as a sex offender." (*Ibid*.) And a later analysis reiterated, "This bill expressly prohibits [courts] from relieving defendants from the duty to register as a sex offender under Penal Code Section 17 (when a felony sex offense is reduced to a misdemeanor)." (Sen. Rules Com., Ofc. of Sen. Floor Analyses, 3d Reading analysis of Assem. Bill No. 2680 (1997-1998 Reg. Sess.) as amended July 2, 1998, p. 1.) It thus appears that the Legislature enacted subdivision (e) to close a perceived "loophole" that allowed "judges [to] us[e] PC 17 as a way to eliminate the 290 registration requirement for certain

12

offenders," and that it did so by prohibiting judges from relieving defendants of the duty to register when reducing a felony sex offense to a misdemeanor. This legislative history thus supports the holding in *Kennedy* and *Manzoor* that the duty to register is governed by the original felony conviction, and not the subsequently reduced misdemeanor conviction.

Plaintiff tries to avoid the holding in *Kennedy* and *Manzoor* by arguing subdivision (e) of section 17 is inapplicable to this case because it only prohibits "*a judge*" from relieving a defendant of the duty to register, and it does not prohibit *the Legislature* from doing so. He then argues the Legislature effectively relieved him, and others like him, of the duty to register when it amended section 290 and created three tiers of registration but did not require persons convicted of misdemeanor violations of section 288.2 to register. We are not convinced the Legislature intended to relieve plaintiff of the duty to register when it amended section 290. As *Manzoor* noted, both before and after the amendments to section 290: (1) section 288.2 was a wobbler; (2) a felony conviction under section 288.2 required lifetime registration, while a misdemeanor conviction required no registration;[4] and (3) subdivision (e) of section 17 prohibited courts from relieving a person of the duty to register when reducing a felony conviction to a misdemeanor. The relevant portions of the three laws at issue in this case thus have not changed.

---

[4]    Section 288.2 was added to the Penal Code in 1989 by Assembly Bill No. 1008 (1989-1990 Reg. Sess.) (Stats. 1989, ch. 1316, § 1). In addition to adding section 288.2, Assembly Bill No. 1008 also amended section 290 to include "any felony violation of Section 288.2" as an offense requiring registration, and that registration requirement has never changed. (Stats. 1989, ch. 1316, § 2.) Thus, the Legislature has always required those convicted of a felony violation of section 288.2 to register for life, and has never required those convicted of misdemeanor violation to register, and the recent amendments to section 290 did not change that.

13

We also agree with the *Manzoor* court that the Legislature has effectively acquiesced in or approved *Kennedy*'s interpretation of the relevant laws. "The Legislature is deemed to be aware of existing laws and judicial decisions" construing those laws, and to enact and amend statutes in light of decisions having a bearing on them. (*Viking Pools, Inc. v. Maloney* (1989) 48 Cal.3d 602, 609; see also *Estate of McDill* (1975) 14 Cal.3d 831, 839 [" 'It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them' "].) We thus presume the Legislature was aware of *Kennedy*'s interpretation of sections 17, 290, and 288.2 and the relationship between them when it enacted the recent amendments to section 290. We also presume the Legislature was aware of *Kennedy*'s interpretation when it made minor amendments to section 17 after enacting the recent amendments to section 290. (See Stats. 2018, ch. 18, § 1 [making minor amendments to language of subd. (b)(3)]; Stats. 2022, ch. 734, § 2 [making minor amendments to language of § 17 and adding subd. (f)].) Had the Legislature intended to reject or change *Kennedy*'s interpretation after it enacted those amendments, we would have expected some evidence of this in either the statutory language or the legislative history, but there is none. As the *Manzoor* court noted, " '[W]hen the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction.' " (*Manzoor, supra*, 95 Cal.App.5th at p. 557, quoting *City and County of San Francisco v. Strahlendorf* (1992) 7 Cal.App.4th 1911, 1915.) And again: "When a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it." (*Estate of Heath* (2008) 166 Cal.App.4th 396, 402.) We thus presume that, when it amended section 290 and thereafter amended section 17, the

14

Legislature was aware of *Kennedy*'s construction of section 17 and its effect on section 290's registration requirement and approved of that construction.

Plaintiff's final argument is that DOJ treats section 288.2 differently than five other comparable wobbler sex offenses. He notes there are six wobblers that are assigned by section 290 to different tiers depending on whether the conviction is for a felony or a misdemeanor. Five of the six wobblers are assigned to tier three if the conviction is a felony, and to tier one if the conviction is a misdemeanor. According to plaintiff, DOJ has confirmed in response to discovery that if a person's felony conviction of one of these five wobblers is reduced to a misdemeanor, it reassigns that person from tier three to tier one (and DOJ does not dispute this). The sixth wobbler is section 288.2, but, as this case demonstrates, if a person's felony conviction of violating section 288.2 is reduced to a misdemeanor, DOJ does not reassign that person and continues to assign him or her to tier three. Even if we assume DOJ treats section 288.2 differently than other wobblers, that different treatment does not change our conclusion that a person whose felony conviction of violating section 288.2 is reduced to a misdemeanor is still required to register for life.

### DISPOSITION

The judgment is affirmed. Parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
EARL, P. J.

We concur:

/s/
HULL, J.

/s/
FEINBERG, J.

15